Affirmed and Majority and Dissenting Opinions filed December 7, 2006








Affirmed and
Majority and Dissenting Opinions
filed December 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00481-CV

____________

 

H. HELLER & CO, INC. AND GULF
PERFORMANCE POLYMERS, INC., Appellants

 

V.

 

LOUISIANA-PACIFIC CORP., Appellee

 



 

On Appeal from the 270th
District Court

Harris County, Texas

Trial Court Cause No. 2005-45951

 



 

D I S S E N T I N G   O P I N I O N

Because I disagree with the majority=s conclusion that
the facts of this case show appellants purposefully availed themselves of the
benefits and protections of Alabama law, I respectfully dissent.








I disagree with the majority=s analysis in two
respects.  First, the quality and quantity of appellants= contacts with
Alabama were minimal.  They sent only three shipments from Texas to Alabama,
and the sales were initiated by the buyer without appellants marketing or
soliciting any business in Alabama.  The authority the majority distinguishes
actually supports the conclusion that jurisdiction is improper in this case. 
In CMMC v. Salinas, the court found no personal jurisdiction based on
the shipment of one winepress to Texas because ACMMC=s only contacts
with Texas are that it made isolated sales of equipment to customers here, and
that it knew the machine it sold KLR was being shipped here.@  929 S.W.2d 435,
437 (Tex. 1996).  The sale was an isolated event without any marketing or
advertising in Texas.  Id. at 439.  We followed CMMC in C-Loc
Retention Systems, Inc. v. Hendrix, in which we held that a sales agreement
and single or occasional shipments to Texas were insufficient to establish
personal jurisdiction, particularly in light of a lack of advertising or other
efforts by the seller to direct products to Texas.  993 S.W.2d 473, 479 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.).  Last year, the Texas Supreme Court relied on CMMC
in holding that the sale of a single RV to Texas was an insufficient basis to
support jurisdiction.  See Michiana Easy Livin= Country, Inc. v.
Holten, 168 S.W.3d 777, 784B87 (Tex. 2006).  The court noted that the
sale was initiated at the buyer=s request and that the seller did not
market to Texas or in any way gear its products toward Texas.  Id. at
784, 786.  Although these three cases differ from this case in some minor
factual details, they all clearly indicate that when, as here, the buyer
initiates the sale to a forum that the seller has not targeted and the volume
of sales are single or occasional at best, personal jurisdiction is not proper
because the seller has not purposefully availed itself of the laws of the
forum.








Second, the majority does not place enough significance on
the terms of the shipping contract, which stated that goods were shipped F.O.B.
Texas, meaning ownership and risk of loss transferred to appellants in Texas
rather than Alabama.  The majority views this as a mere Atechnicalit[y]@ and gives it
little consideration.  However, this court and the Texas Supreme Court have
held that F.O.B. status is not a mere technicality but an important
consideration in jurisdictional analysis because it shows a party=s efforts to Apurposefully
structure[] transactions to avoid the benefits and protections of a forum=s laws.@  Am. Type
Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 808 (Tex. 2002); accord
Schott Glas v. Adame, 178 S.W.3d 307, 317B18 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied); Zamarron v. Shinko Wire Co., 125 S.W.3d 132,
144 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  An F.O.B.
term alone Adoes not prevent a court from exercising personal
jurisdiction over a non-resident defendant where other factors, such as the
quantity and regularity of shipments, suggest that jurisdiction is proper.@  Luv n= Care, Ltd. v.
Insta-Mix, Inc., 438 F.3d 465, 471B72 (5th Cir.
2006).  However, as discussed above, those other factors do not suggest
jurisdiction is proper here.

Thus, based on appellants= three shipments
to Alabama, which were initiated at the buyer=s request, the
absence of any efforts to direct their products to Alabama, and the F.O.B. term
showing a clear intent to avoid the benefits and protections of Alabama=s laws, I would
hold that the trial court erred in denying appellants= plea to the
jurisdiction. 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Majority and Dissenting Opinions filed December 7, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore (Hedges, C.J., majority).